c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH W. SHELTON, Petitioner | CIVIL ACTION NO. 1:20-CV-01025-P |
| VERSUS | JUDGE DRELL |
| JOHN KENT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by *pro se* Petitioner Kenneth W. Shelton ("Shelton") (#521193). ECF No. 1. Shelton is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Dixon Correctional Institute in Jackson, Louisiana. Shelton challenges his 2018 conviction and sentence imposed in the Eighth Judicial District Court, Winn Parish, Louisiana. ECF No. 1.

Because Shelton fails to establish he is entitled to habeas relief, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

On April 29, 2016, Shelton was charged by bill of information with one count of molestation of a juvenile. ECF No. 12 at 1. Shelton was represented by the Office of the Public Defender. *Id.* at 3. On April 18, 2018, the State of Louisiana (the "State" or "Respondent") amended the bill of information to one count of indecent behavior

1

with a juvenile. ECF Nos. 12 at 1, 13 at 22-23, 27, 29-30. The date of the offense was also amended from March 21, 2016 to March 25, 2016. *Id.*

On April 18, 2018, Shelton entered an *Alford*[1] plea. ECF No. 1-2 at 1; ECF No. 13 at 11-44, 14 at 24. He did not admit guilt but entered the plea in his best interest in exchange for a reduced sentencing exposure of seven and one-half years at hard labor. *Id.*

Shelton retained counsel prior to sentencing and moved to withdraw his guilty plea. ECF No. 13 at 37. On June 19, 2018, the trial court conducted a hearing and denied Shelton's motion to withdraw. ECF No. 14 at 1-13. The same day, with counsel present, Shelton was sentenced to serve seven and one-half years at hard labor. ECF No. 13 at 42, 14 at 16, 26.[2]

Shelton timely filed an application for state post-conviction relief in the trial court, alleging that counsel was constitutionally ineffective by failing to investigate the case prior to the plea; by failing to file a motion to quash the indictment; and, by coercing Shelton to plead guilty. ECF No. 1-3 at 51. The trial court denied relief, finding that Shelton "fully understood what he was doing when he entered the *Alford* plea, and his rights were properly explained to him." ECF No. 1-3 at 58.

Shelton sought supervisory review in the Louisiana Second Circuit Court of Appeal. ECF No. 1-3 at 36. On September 19, 2019, the appellate court denied the writ application on the showing made. *See id.*

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Shelton did not appeal the ruling on his motion to withdraw the plea or the sentence. ECF No. 1-3 at 58.

The Louisiana Supreme Court also denied writs, finding that Shelton failed to show that he was denied the effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Shelton*, 2019-01716, p. 1 (La. 7/24/20); 299 So.3d 60 (per curiam).

In his timely filed § 2254 application, Shelton raises the same three claims for relief for ineffective assistance of counsel. ECF No. 1-2 at 2.

II. <u>Law and Analysis</u>

    A.    <u>Rule 8(a) Resolution</u>

The Court is able to resolve Shelton's § 2254 Petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to Shelton's claims, and the state court records provide the required and adequate factual basis. *See Moya v. Estelle*, 696 F.2d 329, 332-33 (5th Cir. 1983); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

    B.    <u>Standard of Review</u>

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judge. *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

As amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), § 2254 precludes habeas relief absent a showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(1), and questions of fact are reviewed under Section 2254(d)(2). *See Martin v. Cain,* 246 F.3d 471, 475–76 (5th Cir. 2001), *cert. den.,* 534 U.S. 885 (2001), and cases cited therein.

Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's "claim" has been "adjudicated on the merits" in state court. If it has, AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal habeas court may grant

4

the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

### C. Shelton does not establish ineffective assistance of counsel.

Shelton contends his trial counsel's representation fell below an objective standard of reasonableness in violation of his Sixth Amendment right to counsel, by: (1) failing to investigate his case prior to taking a plea; (2) failing to file a motion to quash the indictment because of his failure to investigate; and (3) duping and/or coercing Shelton into taking the *Alford* Plea. ECF No. 1-2 at 1-3 (citing *Strickland*, 466 U.S. at 688; *Kieser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995)).

The state courts denied relief. ECF Nos. 1-3 at 36, 58; *see also State v. Shelton*, 2019-01716, p. 1 (La. 7/24/20); 299 So.3d 60 (per curiam). Because Shelton's ineffective assistance claims were adjudicated on the merits in state court, he must show that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of," *Strickland*, which is the "clearly established Federal law, as determined by the Supreme Court" applicable to ineffective assistance claims. 28 U.S.C §§ 2254(d)(1); *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009).

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment; and (2) that the deficiency so prejudiced the

5

defendant that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. The first prong does not require perfect assistance by counsel; rather, a petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 688.

Courts must use deference in their review of attorney performance under *Strickland* to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 689). Accordingly, courts should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

*Strickland's* second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, the petitioner must show prejudice great enough to create a substantial—rather than conceivable—likelihood of a different result. *See Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). Both of [*Strickland's*] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

Here, the Court must review Shelton's ineffective assistance claim under a "doubly deferential" standard of *Strickland* and § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir.

6

2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)."). That is, on habeas review, "federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quotation marks omitted).

### 1. Failure to Investigate

Shelton argues his trial counsel was ineffective for failure to investigate the bill of information and Shelton's lack of criminal history. ECF No. 1-2 at 3-4. Shelton contends the bill of information accused him of committing the crime on March 21, 2016, when evidence showed he was in the Winn Parish Medical Center from March 20, 2016 through March 23, 2016. *Id.*

Shelton claims that the decision was an "unreasonable application" of *Strickland*, and that the factual findings have been rebutted by clear and convincing evidence. *Id.* at 4. He asserts trial counsel's investigation should include efforts to secure information in the possession of the prosecution and law enforcement authorities, regardless of any admissions or statements to defense counsel of facts constituting guilt or the desire to plead guilty. *Id.*

He argues that but for counsel's deficient performance, the jury would have heard compelling evidence that it was impossible for Shelton to be in two places at once. *Id.* at 5. He contends it is extremely likely the outcome would have been

different absent the "objectively unreasonable" representation. *Id.* (citing cases where counsel failed to conduct an adequate investigation).

Respondent argues that no case, statute, or constitutional provision requires a specific time or date be placed on a bill of information. ECF No. 16 at 7 (citing La. Code of Crim. P. art. 468). Respondent states that "an indictment shall not be held insufficient if it does not state the proper date and time, or if it states the offense to have been committed on a day *subsequent to* the finding of an indictment, *or on an impossible day.*" *Id.* at 8 (citing La. Code of Crim. P. art. 468) (emphasis added). Respondent further asserts that neither the original charge of molestation of a juvenile nor the amended charge of indecent behavior with a juvenile provides that the date of the offense is an essential element of the crime. *Id.* Respondent states that prior to the plea, the prosecutor amended the bill of information to establish March 25, 2016 as the date of the offense. *Id.*; see also ECF No. 12 at 1. Respondent contends that further investigation would have been unnecessary as trial counsel had actual knowledge of the date of the offense through discovery years before Shelton pleaded guilty. *Id.*

A petitioner who alleges a failure to investigate on the part of counsel must be able to show with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). A petitioner cannot show prejudice with respect to a claim that counsel failed to investigate without adducing what the investigation would have shown. *Diaz v. Quarterman*, 239 Fed. Appx. 886, 890 (5th Cir. 2007). Speculation

8

about what the investigation would have yielded is insufficient to show prejudice under *Strickland. Johnson v. Cain,* 548 Fed. App'x 260, 262 (5th Cir. 2013).

Here, the record shows an affidavit submitted as a factual basis for the *Alford* plea, reflecting the crime was committed after the March 20-23, 2016 dates on which Shelton bases his claims. ECF Nos. 12 at 1, 13 at 22-23, 27, 29-30. And the record shows discovery was tendered to Shelton's trial counsel nearly two years before Shelton entered the *Alford* plea. ECF No. 12 at 9-26. Shelton fails to show "what this investigation would have divulged or why it would have been likely to make any difference" to his case. *Anderson v. Collins,* 18 F.3d 1208, 1221 (5th Cir. 1994). Thus, Shelton's claim is without merit.

### 2. Failure to File a Motion to Quash the Indictment

Shelton admits the time for testing the sufficiency of the indictment is before trial by motion to quash or an application for a bill of particulars. ECF No. 1-2 at 5 (citing *State v. Gainey*, 376 So.2d 1240, 1243 (La. 1979). Shelton argues trial counsel could have properly challenged the sufficiency of the indictment by filing a motion to quash. *Id.* at 6.

Specifically, Shelton contends that "[a]t no time on April 18, 2018, did the State amend the bill of information to reflect that the alleged crime occurred on or about March 25, 2016." *Id.* Shelton argues his trial counsel was ineffective by not reviewing the circumstances leading up to being charged with the crime. *Id.* Shelton contends that had he done so, he would have seen it was impossible for Shelton to have

9

committed the crime on March 21, 2016, when he was in Winn Parish Medical Center. *Id.* at 6-7.

Respondent argues the wrong date on the bill of information could not have served as a basis for a motion to quash, as set forth in Louisiana Code of Criminal Procedure article 468. ECF No. 16 at 8. Respondent asserts the bill of information was amended prior to Shelton pleading guilty. *Id.*

Here, Shelton fails to show how he was prejudiced by the date contained in the bill of information. The United States Supreme Court has held that an indictment is sufficient if it both informs the defendant of the accusation against him to enable him to prepare his defense, and affords him protection against double jeopardy. *United States v. Debrow*, 346 U.S. 374 (1953). Louisiana law requires the indictment to "be a plain, concise, and definite written state of the essential facts constituting the offense charged" which must include "for each count the official or customary citation of the statute which the defendant is alleged to have violated." La. Code Crim. P. art. 464. There is no requirement under Louisiana law that the location, date, or time of the crime be included in the charging document unless they are "essential to the offense." La. Code Crim. P. arts. 468, 469.[3]

---

[3] Specifically, Louisiana law provides that "[t]he date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense." La. Code Crim. P. art. 468. Louisiana law further provides that "[i]f the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment . . . ." *See State v. Miner*, 2014-0939, p. 4 (La.App. 4 Cir. 3/11/15); 163 So.3d 132, 135, *writ den.*, 2015-0651 (La. 2/26/16); 187 So.3d 466 (citing La. Code Crim. P. art. 468).

10

Louisiana law allows for the amendment of an indictment or bill of information prior to trial. La. Code Crim. P. art. 487. Additionally, a defendant may enter a plea of guilty to a crime nonresponsive to the original indictment when such plea is acceptable to the district attorney. The district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered. La. Code of Crim. P. art. 487(B). "When the state requests an amendment to the bill of information before the first prospective juror is called, the defendant's remedy is a motion for continuance, not an objection to the amendment." *State v. Williams*, 15 So. 3d 348, 354 (La. App. 4 Cir. 6/24/09) (citing *State v. Ignot*, 701 So. 2d 1001 (La. App. 2 Cir. 8/24/97); *See also State v. Jackson*, 916 So. 2d 1015, 1023 (La. 11/29/05) (holding that the "trial judge is not without jurisdiction to accept a defendant's knowing and voluntary guilty plea simply because the plea is not responsive to that charged in the bill of information and the district attorney has not amended the bill to conform to the plea").

Trial counsel does not provide ineffective assistance of counsel by failing to make a meritless motion. *See Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) ("Obviously, counsel is not deficient for failing to make a meritless . . . motion."); *Darby v. Johnson*, 176 F.3d 479 (5th Cir. 1999) ("Trial counsel's failure to assert a meritless motion cannot be grounds for a finding of deficient performance.").

Shelton's argument that counsel should have objected to the amendment is without merit. And the record shows the date was amended on the bill of information, as was the charge. ECF Nos. 12 at 1, 13 at 22-23, 27, 29-30.

### 3. Coercion to take an *Alford* plea

Shelton asserts he was "duped and/or coerced into taking this Alford Plea." ECF No. 1-2 at 7. He argues the Supreme Court of Louisiana has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of appeal or post-conviction relief. *Id.* He claims that on April 18, 2018, "there was so much controversy over petitioner pleading guilty to this crime to where the court was in session as late as 11:30 p.m. that particular night." *Id.* He also claims that his "trial counsel and the State could not figure out an avenue to get [him] to plead to this crime without admitting guilt" and "the State came up with the idea of the Alford Plea." *Id.*

Shelton claims his "*Boykin Exam*"[4] on April 18, 2019 shows the trial court judge pointing out to all parties that Shelton was not going to admit guilt on the record in open court. *Id.* at 7-8. Shelton argues it was clear "he really did not want to plea to anything." *Id.* at 8. He asserts that "[i]f everyone knew [he] did not want to plea to this crime, as shown by the record, is it not apparent that [he] was duped and/or coerced into doing so?" *Id.*

Respondent asserts it is undisputed that Shelton took a best-interest plea. ECF No. 16 at 9. Respondent states the record shows that Shelton willingly accepted an

---

[4] *Boykin v. Alabama*, 395 U.S. 238, 243-244 (1969).

agreed-to sentence of seven and one-half years instead of the possibility of a twenty-five-year sentence facing him upon conviction after a jury trial. *Id.* Respondent argues that Shelton does not contend that the *Boykin* examination was in any way deficient. *Id.* Shelton denied in the plea colloquy that anyone had threatened or coerced him into taking the plea, and the trial court took Shelton at his word. *Id.* Respondent contends Shelton fails to present any specific claim that he was improperly induced into pleading guilty. *Id.* at 9-10.

To be valid, a guilty plea must be made intelligently and voluntarily. *Boykin,* 395 U.S. at 238. A "'best interest' or *Alford* plea is derived from *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162, whereby the defendant pleads guilty while maintaining his innocence." *Bass v. Morgan*, 653 Fed.Appx. 299, 302 (5th Cir. 2016). To satisfy the prejudice prong of an ineffective assistance of counsel claim in a case involving a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *see also James v. Cain,* 56 F.3d 662, 667 (5th Cir.1995).

The record reflects that Shelton testified in his plea colloquy: "I wanna do the one where I'm not pleading guilty." ECF No. 13 at 12. Shelton did not admit guilt but testified that the *Alford* plea was is in his best interest. *Id.* The court confirmed on the record – and the prosecutor stated – that the offer was to plead under La. R.S. 14:81 for indecent behavior, with a penalty of two to twenty-five years. *Id.* at 13. Shelton's *Boykin* examination confirmed he was originally charged with violating La.

13

R.S. 14:81.2, with a sentencing range if found guilty to be "imprisonment at hard labor for not less than twenty-five nor more than ninety-nine years, and the first twenty-five years of the sentence would be without the benefit of probation, parole or suspension of sentence." *Id.* at 15-16.

The court confirmed that Shelton was not going to plead under that, and that the prosecutor agreed to amend his charge to "14:81 H2, not less than two nor more than twenty-five, and the first two years of the sentence would be [] without the benefit of parole, probation or suspension of sentence." *Id.* at 16. Shelton confirmed he was offered a plea deal of seven and one-half years and that he has the right to continue to plead not guilty. *Id.* at 17.

The plea colloquy confirmed Shelton understood his rights, including the right to trial. *Id.* The court advised that if he entered an *Alford* plea – a best interest plea – to the amended charge of "R.S. 14:81, H2" that the court would give him a sentence of seven and one-half years at hard labor with the State. *Id.* at 18. Shelton testified that is what he understood the arrangement to be. *Id.* And he testified he is not admitting guilt but is accepting the plea because he believes it is in his best interest. *Id.* at 19. Shelton further testified that he did not want to have a trial the following Monday. *Id.* at 20. And he confirmed that he was giving up his right to trial to accept the *Alford* plea. *Id.*

Shelton testified that no one threatened or coerced him to enter the *Alford* plea. *Id.* at 21. And he confirmed that no other promises or representations were made to

14

him. *Id.* Shelton agreed that he wanted to enter the *Alford* plea. *Id.* at 21-22. He was not required to admit any guilt and the court accepted the *Alford* plea. *Id.* at 22.

Based on the record, Shelton fails to establish there is any reasonable probability he would have declined the plea offer and insisted on going to trial but for any coercion. His plea colloquy demonstrates that his plea was voluntary.

Under *Boykin*, it is plain error for a trial court to accept a defendant's guilty plea without ensuring that it is intelligent and voluntary. 395 U.S. at 243-244. Due process also requires that the defendant be advised of the maximum sentence for his conviction, though constitutional error will not result from the trial court's failure to so advise if the defendant has already been made aware of this fact from some other source. *Burton v. Terrell*, 576 F.3d 268, 271–73 (5th Cir. 2009). Official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas review, and the defendant's statements in open court likewise "carry a strong presumption of verity." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985); *Blackledge v. Allison*, 97 S.Ct. 1621, 1629 (1977).

When a plea "rests in any significant degree on a promise or agreement of the prosecutor, so [that] it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Jackson v. Andrews*, 31 Fed. App'x 833, 2002 WL 180375, *3 (5th Cir. 2002) (quoting *Santobello v. New York*, 92 S.Ct. 495 (1971)). When the alleged promise is inconsistent with the defendant's representations in open court, he is not entitled to habeas relief based on that guilty plea unless he can prove: (1) the terms of the promise; (2) when the promise was made; and (3) the precise identity of

15

an eyewitness to that promise. *Id.* (citing *United States v. Smith*, 915 F.2d 959, 963 (5th Cir. 1990)). Additionally, there is no constitutional error when a court denies a defendant's motion to withdraw a plea based merely on his disappointment with the sentence he received. *United States v. Rodriguez*, 62 F.3d 723, 725 (5th Cir. 1995).

Shelton fails to identify anything in the record to undermine his statements in the colloquy. He has not shown that his plea was involuntary or that there was error in the state court's decision sufficient to justify habeas relief. Coercion is simply not established by a guilty plea that represents a voluntary and intelligent choice among the alternatives available to a defendant to avoid a possible longer sentence. *See Alford*, 400 U.S. at 31; *see also Lee v. United States*, 137 S. Ct. 1958, 1966 (2017) ("A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial. . . . [That is] because defendants obviously weigh their prospects at trial in deciding whether to accept a plea. Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one." (citation omitted)).

### III. Conclusion

Because Shelton fails to establish that he received ineffective assistance of counsel;

IT IS RECOMMENDED that Shelton's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_\_\_\_\_ day of November 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE